IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| IN RE: FORTIETH STATEWIDE INVESTIGATING GRAND JURY | : | No. 45 WM 2017 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Supervising Judge of the Fortieth |
| | : | Statewide Investigating Grand Jury |
| APPEAL OF: DIOCESE OF HARRISBURG AND DIOCESE OF GREENSBURG | : | entered on 6/15/17 at Allegheny County |
| | : | No. CP-02-MD-0000571-2016 |
| | : | |
| | : | |
| | : | ARGUED: May 15, 2018 |

*Chief Justice Saylor delivers the Opinion of the Court, and Justice Baer also speaks for the Court, by way of concurrence.*

***OPINION***

**CHIEF JUSTICE SAYLOR**                    **DECIDED: AUGUST 21, 2018**

This appeal concerns a challenge to the practice of requiring private attorneys who may be privy to confidential information related to a grand jury investigation to commit to maintaining the secrecy of all information they may acquire regarding the grand jury.

The case involves the 40th Statewide Investigating Grand Jury, which was convened in 2016 per the Investigating Grand Jury Act.[1] As relevant here, this statutory

---

[1] Act of Oct. 5, 1980, P.L. 693, No. 142, §216(a)(2) (as amended 42 Pa.C.S. §§4541-4553).

regime limits the ability of participants in grand jury proceedings, other than witnesses, to disclose matters occurring before the grand jury. *See* 42 Pa.C.S. §4549(b). In the first instance, the enactment's Section 4549(b) authorizes disclosure of such matters generally to "attorneys for the Commonwealth" for use in the performance of their duties. *Id.* Additionally, the attorneys for the Commonwealth, with the approval of the supervising judge, may reveal matters occurring before the grand jury to law enforcement or investigating agencies. *Id.* "Otherwise," the ensuing provisions admonish, "a juror, *attorney*, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony *may disclose matters occurring before the grand jury only when so directed by the court.*" *Id.* (emphasis added). Section 4549(b) proceeds to require that "[a]ll such persons shall be sworn to secrecy," on pain of contempt for violations. *Id.*

Under the authority of the 40th Statewide Investigating Grand Jury, subpoenas requiring the production of documents were recently issued to the Dioceses of Harrisburg and Greensburg ("Appellants" or the "Dioceses"). Their counsel requested a copy of the notice of submission that the Office of the Attorney General (the "OAG") had provided to the supervising judge, the Honorable Norman A. Krumenacker, III. *See generally* 42 Pa.C.S. §4550 (delineating the notice-based procedure for the submission of an investigation to a grand jury).

The supervising judge replied that he would furnish a copy of this notice to counsel, but that counsel first would be required to sign and submit an entry-of-appearance form, which included the following oath or affirmation:

> I swear or affirm that, under penalty of contempt, I will keep secret all that transpires in the Grand Jury room, all matters occurring before the Grand Jury, and all matters and information concerning this Grand Jury obtained in the

course of the representation, except when authorized by law or permitted by the Court. 42 Pa.C.S.A. §4549(b).

These statements are made subject to the penalties of 18 Pa.C.S. §4903 [(False swearing)].

Counsel declined to accept these terms, however, and Appellants lodged a joint motion to strike the non-disclosure provision from the entry-of-appearance form. They argued that the requirement of secrecy was not authorized by the Investigating Grand Jury Act, both as to the obligation being imposed upon counsel and, alternatively, in terms of the breadth of that duty.[2]

The Dioceses' lead contention was that the secrecy requirement of Section 4549(b) simply does not apply to private attorneys. They first posited that, "[b]y its terms," Section 4549(b) applies only to persons who are "sworn to secrecy" -- *i.e.*, those who are required in practice to sign an oath of secrecy -- such as "Commonwealth attorneys, grand jurors, stenographers, typists, and operators of recording equipment." Brief in Support of the Dioceses' Joint Motion to Strike in *In re 40th Statewide Investigating Grand Jury*, CP-02-MD-571-2016 (C.P. Allegeheny), at 4.[3]

From this early stage in their presentation, Appellants began to substitute the term "Commonwealth attorneys" for the word "attorney" as it appears in Section 4549(b)'s list of persons who must maintain secrecy. Their justification, at this

---

[2] Our present discussion encompasses consideration of some matters appearing in papers that have been filed under seal. Our treatment of such matters, however, is limited to legal contentions that overlap with the present briefing.

[3] In fact and as related above, Section 4549(b) delineates several categories of persons who must be sworn to secrecy (namely, "a juror, *attorney*, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony") and specifies that "[a]ll *such persons* shall be sworn to secrecy." 42 Pa.C.S. §4549(b) (emphasis added). Accordingly, the statute does not render itself subordinate to its own implementation in practice, as the Dioceses initially portrayed. Rather, Section 4549(b) explicitly directs how that implementation is to proceed.

juncture -- based on the above line of reasoning -- was the contention that private attorneys "generally are not required to sign the oath of secrecy." *Id.*; *see also* N.T., May 26, 2017, at 10-11 (reflecting the argument of Appellants' counsel to the supervising judge as follows: "The fact that normally [private attorneys are] not required to execute the secrecy oath I think is an indicator, perhaps the biggest indicator, that there is a difference between those who are statutorily bound to keep . . . matters before the grand jury secret and those who are not bound to do so unless it's specifically ordered by the court"). The Dioceses further opined, without offering supporting authority, that private attorneys are relieved from taking an oath of secrecy, because they are only in the presence of grand juries for a limited period of time during which their clients testify as witnesses. *See* Brief in Support of the Dioceses' Joint Motion to Strike in *In re 40th Statewide Investigating Grand Jury*, CP-02-MD-571-2016, at 4.[4]

---

[4] The Dioceses' position that private attorneys are not required to take a secrecy oath -- which they carry into the present briefing -- was and is particularly confounding. In this regard, the distinction is quite tenuous between an "oath of secrecy" and the non-disclosure requirement contained within the entry-of-appearance form (which opens with the words, "I swear or affirm," and otherwise binds attorneys to maintaining secrecy). *Accord* Brief for Appellee at 17 (positing, as to the relevant argument by Appellants, that "[t]he Dioceses cannot even be accused of putting the cart before the horse; they are putting the cart before the cart."). Indeed, Appellants have supplied no substantive explanation to support their repeated suggestion that a commitment to non-disclosure subject to criminal sanctions is not either a secrecy oath unto itself or tantamount to one.

The Dioceses also refer to historical practices prior to 2013, the year in which the entry-of-appearance form and associated non-disclosure requirement for private attorneys were introduced into grand jury practice. They have offered no evidence, however, to support their assumption that supervising judges in Pennsylvania had consistently interpreted Section 4549(b) as excluding private attorneys from the secrecy requirement, prior to the introduction of the entry-of-appearance form into grand jury practice.

Appellants also deemed it significant that Section 4549(d) expressly provides that a client-witness is not prohibited from publicly disclosing his or her testimony except for cause shown in a hearing before the court. *See id.* §4549(d). Given the latitude afforded to witnesses, the Dioceses protested that requiring a commitment to secrecy on the part of private attorneys creates an anomalous situation in which a client-witness is free to disclose his grand jury testimony, but his lawyer cannot act on his behalf to make such a disclosure, even where specifically authorized by the client-witness.

Additionally, Appellants noted that a subsection of Section 4549 is dedicated to addressing "[c]ounsel for witnesses." 42 Pa.C.S. §4549(c). According to the Dioceses, had the General Assembly intended to forbid disclosures by private attorneys, the logical place at which to reposit such a prohibition was within this subsection.

In terms of the breadth of the non-disclosure requirement appearing within the entry-of-appearance form, Appellants highlighted that Section 4549(b) discusses secrecy solely in the context of "matters occurring before the Grand Jury." 42 Pa.C.S. §4549(b). The form, on the other hand, prohibits disclosure of "all matters and information concerning this Grand Jury obtained in the course of the representation," a constraint that the Dioceses depicted as being patently overbroad.[5]

After entertaining written and oral presentations of the parties' positions, the supervising judge denied relief on Appellants' joint motion. *See In re Fortieth Statewide Investigating Grand Jury*, No. 571 M.D. 2016, Notice No. 1 (C.P. Allegheny June 15,

---

[5] Appellants also asserted that the non-disclosure requirement impaired their statutory right to effective counsel and improperly infringed upon their counsel's First Amendment rights and entitlement to pursue the practice of law. In light of mootness considerations, *see infra* note 8, and our disposition, below -- in which we disapprove the non-disclosure provision of the entry-of-appearance form in its present incarnation -- we have elected to omit the additional issues from our recitation of the background, our discussion, and our ultimate order.

2017). At the outset, the supervising judge stressed the pervading necessity for secrecy in grand jury proceedings. *See id.* at 2 (citing *In re Investigating Grand Jury of Phila. Cty. (Appeal of Phila. Rustproof Co.)*, 496 Pa. 452, 457-58, 437 A.2d 1128, 1130-31 (1981)). He also explained that a grand jury proceeding is an investigative tool to determine if a *prima facie* case of criminal activity exists, rather than an adversarial hearing in which guilt or innocence of an accused is determined. *See id.* at 3 (citing *Pirillo v. Takiff*, 462 Pa. 511, 524, 341 A.2d 896, 902 (1975)).

The supervising judge then readily dispensed with the distinction drawn by Appellants between those persons who are required to take an oath of secrecy and attorneys. In this regard, he explained that the non-disclosure requirement in the entry-of-appearance form serves simply as "a customized version of the general secrecy oath required by section 4549(b) . . .." *Id.* at 6; *see also supra* notes 3 & 4.

The supervising judge proceeded to reject the imposition of a limiting construction, as suggested by the Dioceses' arguments, upon the word "attorney" as it appears in Section 4549(b)'s delineation of the categories of persons who are bound to non-disclosure. Invoking principles of statutory interpretation, he reasoned that words and phrases generally are to be construed according to their common usage. *See* 1 Pa.C.S. §1903(a); *see also Contolanza v. Lehigh Valley Dairies, Inc.*, 540 Pa. 398, 406, 658 A.2d 336, 340 (1995) ("Absent a definition in the statute, statutes are presumed to employ words in their popular and plain everyday sense[.]"). Additionally, the supervising judge found that the broader interpretation was reinforced by Section 4549(b)'s specific references to "attorneys for the Commonwealth," a defined term under the Investigating Grand Jury Act, *see* 42 Pa.C.S. §4542, and "counsel for witnesses." *See In re Fortieth Statewide Investigating Grand Jury*, No. 571 M.D. 2016, Notice No. 1, at 7 ("These references to specific subsets of attorneys demonstrate that

the legislature knew the differences between the all-encompassing word 'attorney' and specific classifications within that broad category.").

Responding to Appellants' focus on Section 4549(c)'s treatment of counsel for witnesses, the supervising judge explained that attorneys sometimes appear before grand juries for other purposes, such as -- and in the case of the Dioceses' counsel -- to challenge or otherwise respond to a subpoena.[6]  In his judgment, this explanation supported the understanding that, when the Legislature referred to "attorney[s]," it intended to capture the field of attorneys at large (encompassing Commonwealth lawyers *and* private counsel representing witnesses or appearing before grand juries for any other reason).

Furthermore, the supervising judge noted, Rule of Criminal Procedure 231(C) provides that "[*a*]*ll persons* who are present while the grand jury is in session shall be identified in the record, shall be sworn to secrecy as provided in these rules, and shall not disclose any information pertaining to the grand jury except as provided by law." Pa.R.Crim.P. 231(C) (emphasis added).  He reasoned that this rule serves as an independent basis supporting a non-disclosure requirement for attorneys.

In terms of the breadth of the non-disclosure requirement appearing in the entry-of-appearance form, the supervising judge indicated:

> Counsel [for the Dioceses] is correct that the non-disclosure/secrecy language would prevent them from discussing anything learned in the grand jury setting with third parties or in any way disclosing what is learned during representation before the grand jury with those other than their clients.  This limitation is necessary to preserve the integrity of the grand jury investigation and ensure that no

---

[6] In this respect, the supervising judge discussed the concept of "appearance" in its broader, legal sense, reaching beyond an in-person, physical appearance.

persons are able to influence potential witnesses, alter evidence, or escape indictment if issued.

*In re Fortieth Statewide Investigating Grand Jury*, No. 571 M.D. 2016, Notice No. 1, at 10 (referencing some of the policy justifications for secrecy as related in *In re Investigating Grand Jury of Philadelphia County*, 496 Pa. at 457-58, 437 A.2d at 1130-31).

Finally, the supervising judge laid the groundwork for a permissive appeal by expressing the opinion that his order involved a controlling question of law to which there is a substantial ground for difference of opinion, and that an immediate appeal might materially advance the ultimate termination of the matter. *See* 42 Pa.C.S. §702(b).

Appellants filed the present petition for review pursuant to Rule of Appellate Procedure 3331 seeking both permission to appeal and taking the position, alternatively, that they were possessed with a right to an immediate, interlocutory appeal as of right. On the permissive track, this Court agreed to consider the issues presented upon full briefing and oral argument from the parties.[7]

The issue that we consider here involves statutory interpretation and analysis of our own procedural rules, over which our review is plenary, and we proceed to apply conventional interpretive principles. *See generally Norfolk S. Ry. Co. v. PUC*, 621 Pa. 312, 323, 328, 77 A.3d 619, 626, 629 (2013); Pa.R.Crim.P. 101(C).[8]

_____

[7] In terms of the asserted right to appeal on an interlocutory basis, Appellants contended that the supervising judge's order is a collateral order. *See* Pa.R.A.P. 313(a) ("An appeal may be taken as of right from a collateral order of an administrative agency or lower court."). However, because we find this matter to be of substantial public importance and permission to appeal to be warranted, we need not consider whether the matter could otherwise have been presented as of right.

[8] We note that the present appeal bears hallmarks of a moot controversy. First, the supervising judge has confirmed that he did, at some point, provide Appellants' counsel (continued…)

Presently, Appellants maintain that Section 4549(b) does not require a secrecy oath on the part of private attorneys. Continuing to assert that private counsel are not sworn to secrecy, the Dioceses proceed to dismiss the supervising judge's observation that the non-disclosure requirement contained within the entry-of-appearance form serves as a secrecy oath. In this regard, Appellants treat the judge's explanation as if it had been interposed by the jurist as a direct effort to interpret the statute rather than as a response to the Dioceses' own contentions. *See* Brief for Appellants at 26 (claiming that the supervising judge's equivalency observation "simply begs the question," since "[i]f private counsel are not required to sign the secrecy oath pursuant to Section 4549(b), which the court below acknowledged that they were not, then the fact that the

---

(…continued)

with the notice of submission that gave rise to their joint motion to strike. Moreover, the tenure of the 40th Statewide Investigating Grand Jury has expired, and a great deal of public information has been released revealing the subject matter of its work. *See, e.g.*, *In re 40th Statewide Investigating Grand Jury*, No. 571 M.D. 2016, *slip op.* at 9 (C.P. Allegheny June 5, 2018) (describing "two years of investigation into the Dioceses related to allegations of child sexual abuse, failure to make a mandatory report, acts endangering the welfare of children, and obstruction of justice by individuals associated with the Roman Catholic Church, local public officials, and community leaders").

Nevertheless, we believe that the lead issue presented by the Dioceses is of sufficient public importance to justify its timely, final resolution in spite of any concerns with the technical mootness of the case. *See Pap's A.M. v. City of Erie,* 571 Pa. 375, 391, 812 A.2d 591, 600–01 (2002) (alluding to the great-public-importance exception to the mootness doctrine, particularly in light of a material lack of clarity in governing law).

Furthermore, this Court has broad supervisory authority in grand jury matters. *See, e.g.*, Pa.R.A.P. 3331, Note (explaining that the provisions for review of special prosecutions or investigations generally provide the framework for implementing such supervision by this Court).

Non-Disclosure Requirement is a tailored version of the oath does not mean that it is authorized by the Act.").[9]

As to the historical practice, Appellants assert that the Office of the Attorney General had, for several decades prior to when the current entry-of-appearance form came into being, interpreted the word "attorney," in Section 4549(b)'s delineation of those subject to secrecy, as meaning only an attorney for the Commonwealth.[10]

In this vein, and focusing on Section 4549(b)'s terms, Appellants stress that the statute twice refers to "attorneys for the Commonwealth" before its treatment of "attorney[s]."  42 Pa.C.S. §4549(b).  According to the Dioceses, the latter should thus be construed to refer back to the former.  As supportive authority, Appellants reference the principle of statutory construction counseling that ""words and phrases must be viewed 'not . . . in isolation, but . . . with reference to the context in which they appear.'" *Scungio Borst & Assocs. v. 410 Shurs Lane Developers, LLC*, 636 Pa. 621, 631-32, 146 A.3d 232, 238 (2016) (quoting *Meyer v. Community College of Beaver Cty*, 625 Pa. 563, 574, 93 A.3d 806, 813 (2014)).[11]

---

[9] Contrary to Appellants' portrayal, the supervising judge's actual interpretive efforts, as related above, focus closely on the terms of the governing statute and applicable interpretive principles.  Again, it is the Dioceses' continuing characterization of the non-disclosure requirement of the entry-of-appearance form as something other than a secrecy oath that fosters confusion.

[10] The OAG replies, correctly, that it is not the source of authority for requirements imposed on counsel.  *See* Brief for Appellee at 22.  Rather, what is required is provided in the Investigating Grand Jury Act, as enforced by supervising judges in the first instance.  Moreover, we have previously discussed the absence of support attending the Dioceses' historical arguments.  *See supra* note 4.

[11] Appellants also claim that their position is bolstered by the axiom that "[g]eneral words shall be construed to take their meanings and be restricted by preceding particular words."  1 Pa.C.S. §1903(b).  However, this principle of *ejusdem generis* generally pertains where general words follow the enumeration of particular classes of (continued…)

The Dioceses also continue to highlight Section 4549(c)'s treatment of counsel for witnesses. *See, e.g.*, Brief for Appellants at 25 ([W]hen the drafters of Section 4549 wanted to refer to private counsel, they knew precisely how to do it and did not simply use the word 'attorney'"). "Tellingly," Appellants assert, Section 4549(c) does not include any prohibition on disclosure by counsel for witnesses. *Id.* at 25-26.[12] Furthermore, Appellants retain their focus upon the incongruity involved in disabling counsel from making disclosures that client-witnesses may otherwise make of their own accord. *Accord* Brief for *Amicus* Pa. Ass'n of Crim. Def. Lawyers at 21-22 ("It makes no sense that an attorney for a witness would be gagged in all cases regardless of need but a witness would be free to discuss his or her testimony in all cases unless the court finds good cause after a hearing.").

Regarding Rule of Criminal Procedure 231(C), the Dioceses stress that the rule applies only to "persons *who are to be present* while the grand jury is in session." Pa.R.Crim.P. 231(C) (emphasis added). Therefore, Appellants reason, any secrecy obligation should attach only to information that counsel learned as a result of being at the actual location of a grand jury while it is in session. Conversely, the Dioceses

---

(…continued)
persons or things. *See, e.g.*, *Indep. Oil & Gas Ass'n of Pennsylvania v. Bd. of Assessment Appeals of Fayette Cty.*, 572 Pa. 240, 246, 814 A.2d 180, 184 (2002) (quoting *McClellan v. Health Maint. Org. of Pa.*, 546 Pa. 463, 473, 686 A.2d 801, 806 (1996)). In our judgment, it has no application in the present circumstances, where the Legislature has twice used a defined term when rendering discrete authority relative to disclosure by and to "attorneys for the Commonwealth," and then utilized what appears to be a broader generic term, *i.e.*, "attorney[s]" when imposing a general prohibition against other disclosures.

[12] In this line of argumentation, Appellants downplay the statute's treatment of disclosure of matters occurring before grand juries as a subject unto itself in the preceding subsection, *i.e.*, Section 4549(b) (entitled "Disclosure of proceedings by participants other than witnesses").

argue, the rule does not support the broader commitment to secrecy contained in the entry-of-appearance form's non-disclosure requirement, pertaining to "all matters occurring before the Grand Jury, and all matters and information concerning this Grand Jury obtained in the course of the representation."

In this respect, and more broadly, Appellants maintain that the non-disclosure requirement is patently overbroad. For example, they observe that, per that requirement, secrecy would presumably attach to:

> (i) documents produced by [counsel's] own client in response to a grand jury subpoena and the information that counsel learns from these documents; (ii) information that counsel obtains from discussions with representatives of the client; and (iii) information that counsel obtains from third parties outside of the Grand Jury room.

Brief for Appellants at 29. Accordingly, Appellants ask, at a minimum, for this Court to curtail the expansive sweep of the non-disclosure requirement.

The OAG, for its part, defends the supervising judge's determination and reasoning.

## I. Secrecy as Applied to Private Attorneys

Upon review, we agree with the supervising judge that private counsel are "attorney[s]" and are thus explicitly made subject to the general requirement of secrecy by Section 4549(b). Significantly, a number of Appellants' arguments disregard or downplay relevant considerations as explained throughout our development of the background. *See supra* notes 3-4 & 9-12.

In our judgment, moreover, nothing on the face of the statute suggests that the Court should attribute to the word "attorney[s]" anything other than its ordinary broad meaning, *i.e.*, those who are licensed to practice law. *See* 1 Pa.C.S. §1903(a). Along these lines, we are not persuaded by Appellants' argument that the Legislature's use of

the defined term "attorneys for the Commonwealth" twice previously when establishing disclosure protocols specific to that subset of lawyers signifies that the subsequent use of the word "attorney[s]" in promulgating the general rule of non-disclosure was also meant to refer only to that subset. In this regard, it is significant that each of the three specifications by the Legislature -- two directed to "attorneys for the Commonwealth" and one to "attorney[s]" -- has a discrete substantive purpose. *Accord In re Fortieth Statewide Investigating Grand Jury*, No. 571 M.D. 2016, Notice No. 1, at 7 ("These references to specific subsets of attorneys demonstrate that the legislature knew the differences between the all-encompassing word 'attorney' and specific classifications within that broad category.").[13] In these circumstances, we find the plain language of the statute to be clear enough. *See generally Commonwealth v. Derhammer*, ___ Pa. ___, ___, 173 A.3d 723, 729 (2017) (explaining that the courts are not authorized to insert words into a statute).[14]

Notably, as the supervising judge also related, this Court has stressed the importance of secrecy associated with grand jury proceedings. *See, e.g., Investigating Grand Jury of Phila. Cty.*, 496 Pa. at 457-58, 437 A.2d at 1130-31. In such a setting, it seems relatively straightforward that the Legislature would have wished to cast a wide

---

[13] The OAG also correctly highlights that, each time that the Investigating Grand Jury Act refers to a district attorney, the Attorney General, or a designee of either, and unless a reference to a particular official is necessary, the enactment specifically employs the term "attorney for the Commonwealth." *See* Brief for Appellee at 14-15 (citing 42 Pa.C.S. §§4543(b), 4546(b) & (c), 4547, 4548(a), 4549(a)-(c), 4550(a) & (b), 4551(a) & (e), and 4552(c)).

[14] We have no doubt that the Legislature, to minimize cumbersomeness, may sometimes employ shorthand references to terminology previously utilized in a statute. As related above, however, we conclude that the present context is not one in which it would be appropriate to assume that it did so, given the material substantive import of the usage.

net, among those present during grand jury proceedings, in imposing a requirement of non-disclosure.[15]

The Dioceses also highlight the seeming incongruity of a client-witness being permitted to disclose his or her testimony but his or her attorney being precluded from doing the same. To the extent that this concern is an argument that the Legislature used the word "attorney," as it appears in the penultimate sentence of Section 4549(b), to mean only "attorney for the Commonwealth," we disagree. First, whatever its appeal in terms of policy, this argument is insufficient to overcome the plain language of the statute. *See* 1 Pa.C.S. §1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."); *see also Derhammer*, ___ Pa. at ___, 173 A.3d at 729.

Second, the secrecy obligation concerning "matters occurring before the grand jury" imposed by Section 4549(b) is plainly broader than a witness's disclosure of his or her own testimony permitted by Section 4549(d). Such matters subsume a range of considerations beyond the mere content of a client-witness's testimony, including comments by a supervising judge or the attorney for the Commonwealth made before the grand jury and evidence which may be proffered or discussed during a witness's testimony.[16] While we realize that this observation does not wholly discount the

---

[15] In this respect, as the supervising judge and the OAG emphasize, Rule of Criminal Procedure 231(C) is consistent. *See* Pa.R.Crim.P. 231(C) (reflecting that a secrecy oath is to be administered to "[a]ll persons who are to be present while the grand jury is in session").

The overbreadth issue, as it relates to attorneys -- such as Appellants' counsel -- who have not made a physical appearance before the grand jury, is addressed in Part II of this opinion, below.

[16] Justice Donohue criticizes the above observations as unnecessary to the disposition of this case. *See* Concurring and Dissenting Opinion, *slip op.* at 8-9. From our point of (continued…)

Dioceses' policy-based concern, it is offered here in support of our view that confidentiality must be viewed in the larger perspective.

Third, and in any event, we do not read Section 4549 as a whole to preclude private attorneys from disclosing that which their clients are plainly permitted to disclose, particularly given that such attorneys serve in a representational capacity relative to their clients. While we conclude that lawyers who are privy to grand jury proceedings are generally to be sworn to secrecy under the applicable statute -- and that an appropriately crafted entry-of-appearance form may be used to accomplish this function -- we do not believe that the Legislature intended such confidentiality to extend

---

(…continued)
view, however, they are analytically related to the matter at hand and lend support to our material reasoning. Certainly, there could be no rational argument that "matters occurring before the grand jury" could concern only a particular witness's testimony. Indeed, Justice Donohue herself makes the point that "Section 4549(d)'s command that 'no witness shall be prohibited from disclosing his testimony' must be understood as a narrow exception to a broader secrecy requirement." Concurring and Dissenting Opinion, *slip op.* at 5 n.3.

Thus, Justice Donohue's concern, as it applies to the text above, appears to be more with the examples that we have provided (comments of a supervising judge or the attorney from the Commonwealth and evidence which may be presented during a witness's testimony) than with the proposition they are offered to support. But those examples are relatively straightforward areas of concern that can be essential to the protection of secrecy and the vindication of the policy goals that Justice Donohue's opinion develops at length. *See id.* at 4-5 (citing *Investigating Grand Jury of Phila. Cty.*, 496 Pa. at 458, 437 A.2d at 1130-31). To the degree that Justice Donohue's concern is that the examples are not clear cut (because "comments" by a supervising judge or an attorney for the Commonwealth may sometimes overlap with witness testimony, as may "evidence" with which a witness is presented, *see id.* at 8 n.7), our response is that we intend the examples to evoke scenarios in which the witness's testimony is, in fact, analytically distinct from the comments or evidence seen or heard in the grand jury room.

Notably, the necessity to distinguish between witness testimony and other matters arises directly from the governing statute. *See* 42 Pa.C.S. §4549(d).

in full measure to that which is not otherwise intended to be held in absolute secrecy, *i.e.*, the testimony of client-witnesses. *See* 42 Pa.C.S. §4549(d).[17] With respect to such testimony, attorneys should generally be free to act on behalf of their clients in advancing their material interests, subject only to overriding considerations (including, of course, the Rules of Professional Conduct and, in the grand jury setting, the necessity for secrecy when protection is otherwise maintained, *see id.*).

In sum, we do not read Section 4549(b) as preventing an attorney -- with the explicit, knowing, voluntary, and informed consent of a client-witness -- from disclosing the content of the client's own testimony, when the client is otherwise free to do so of his or her own accord. Otherwise, however, we hold that Section 4549(b) straightforwardly forbids attorneys -- including private attorneys -- from revealing matters occurring before an investigating grand jury, absent permission from the supervising judge.

Accordingly, to the extent that the entry-of-appearance form remains the vehicle by which private attorneys are sworn to secrecy, we exercise our supervisory authority to require that the following statement be appended to it: "I understand that -- with the explicit, knowing, voluntary, and informed consent of my client or clients, and absent a specific prohibition by a supervising judge or circumstances implicating prohibitions arising from the Rules of Professional Conduct -- I may disclose the content of a client-

---

[17] In this regard, we observe that this Court is charged with the regulation of attorneys in Pennsylvania. *See* PA. CONST., art. V §10(c). Although our decision here represents an exercise in statutory interpretation, the constitutional allocation to the Court of the power to regulate attorneys would likely have raised significant questions had the Legislature decided explicitly to bar attorneys from acting on behalf of their client-witnesses to disclose that which the latter are otherwise free to disclose of their own accord. *Cf.* 1 Pa.C.S. § 1922(3) (articulating presumption that "General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth").

witness's own testimony precisely to the extent that the client-witness may do so under applicable law."[18]

## II. Overbreadth

As to the issue of overbreadth, Appellants have correctly related that the terms of the non-disclosure requirement, as it appears on the entry-of-appearance form, exceed the secrecy requirements of the Investigating Grand Jury Act. *See* 42 Pa.C.S. §4549(b) (requiring non-disclosure only of "matters occurring before the grand jury"). *See generally* BARBARA J. VAN ARSDALE, *ET AL.*, 9 FED. PROC., L.ED. §22:794 (2018) ("[T]he general rule of secrecy does not make everything connected with the grand jury's investigation somehow untouchable."). Furthermore, we agree with the Dioceses that a proscription against disclosure of "all matters and information concerning this Grand Jury obtained in the course of the representation" -- applied generally across the field of all lawyers representing grand jury witnesses or who may otherwise become privy to a document or information otherwise held in confidence in the grand jury setting -- represents too great an impingement on counsel's ability to effectively represent their clients.[19]

---

[18] We realize that our opinion in this case exceeds the facts and circumstances before the Court, since Appellants' counsel are not attorneys for a client-witness (and Justice Donohue is quite correct to recognize that by "client-witness" we refer to a client presenting oral testimony before a grand jury, *see* Concurring Opinion, *slip op.*at 3 n.2). Nevertheless, this case has naturally segued into a discussion of the requirements as they pertain to attorneys for client-witnesses; the treatment of such attorneys is a matter of substantial public importance; and, in any event, we rely upon our supervisory responsibilities in grand jury matters. *See supra* note 8.

[19] As Appellants relate, the prohibition facially extends to a wide range of information that is not otherwise confidential in the first instance. Additionally, read literally, the requirement would prevent lawyers from even discussing confidential information with their own clients, albeit that both the supervising judge and the OAG recognize that (continued…)

Accordingly, again per our supervisory prerogative, we will require another modification to the entry-of-appearance form, to the extent that it continues to serve as a vehicle to administer a secrecy oath to private attorneys. Specifically, the commitment to secrecy for "all matters and information concerning this Grand Jury obtained in the course of the representation" is to be removed and the syntax of the prior clauses should be adjusted, so that attorneys are bound to keep secret "all that transpires in the Grand Jury room and all matters occurring before the Grand Jury, except when disclosure is authorized by law or permitted by the Court."[20]

In concluding our treatment of the overbreadth issue, we note that the General Assembly has not provided a definition of the phrase "matters occurring before the grand jury." 42 Pa.C.S. §4549(b). Plainly, as the entry-of-appearance form suggests, and consistent with a wide body of federal decisional law, the term should be understood to reach beyond only what actually transpires in a grand jury room. *See, e.g.*, *In re Twenty-Fourth Statewide Investigating Grand Jury*, 589 Pa. 89, 107, 907 A.2d 505, 516 (Pa. 2006) (permitting disclosure of a notice of submission in the grand jury context, while implicitly recognizing that grand jury secrecy extends to confidential submissions to the court).[21] *See generally* WAYNE R. LAFAVE, JEROLD H. ISRAEL, NANCY

_____

(…continued)
such a reading is untenable. *See In re Fortieth Statewide Investigating Grand Jury*, No. 571 M.D. 2016, Notice No. 1, at 10; Brief for Appellee at 33 ("[A]n attorney may discuss with a client matters occurring before a grand jury without violating grand jury secrecy.").

[20] To the extent that Criminal Procedural Rule 231(C) can be read to sweep more broadly in its requirement of non-disclosure of "any information pertaining to the grand jury," Pa.R.Crim.P. 231(C), we direct that it should be construed to align with the material provisions of the Investigating Grand Jury Act. Additionally, we intend to invoke the rulemaking process to effectuate a clarifying amendment.

[21] Contrary to Justice Donohue's suggestion, *see* Concurring and Dissenting Opinion, *slip op.* at 8-9, we do not find it to be necessary or useful to refrain from recognizing (continued…)

J. KING & ORIN S. KERR, 3 CRIM. PROC. §8.5(c) (4th ed. 2017) ("The first lesson of the federal precedent is that the phrase 'matter occurring before the grand jury' is a term of art, not to be construed literally as encompassing only events that have taken place before the grand jury."). Indeed, there is no dispute here that a notice of submission contains a type of information that is subject to confidentiality in and of itself. *Accord In re Twenty-Fourth Statewide Investigating Grand Jury*, 589 Pa. at 107, 907 A.2d at 516. Given, however, that the Dioceses' challenge is focused largely on whether their counsel is a person subject to the a grand jury secrecy oath in the first instance and upon the broader sweep of secrecy as reflected on the current entry-of-appearance form, this case does not present a suitable vehicle to offer additional clarification of the statutory phrase "all matters occurring before the grand jury."[22]

---

(…continued)
what is evident from prior decisions and in grand jury practice generally, and which derives from the essential vindication of the policy goals underlying the maintenance of grand jury secrecy, *i.e.*, that to be effective, secrecy must extend to some range of matters beyond only what happens before the grand jury in a grand jury room.

[22] This opinion is also not focused on special provisions for confidentiality outside the range of ordinary grand jury secrecy, such as the issuance by supervising judges of what are colloquially referred to as "gag orders." Moreover, Appellants do not challenge the authority of a supervising judge to issue such orders where warranted in discrete instances. *See, e.g.*, Brief for Appellant at 7 (depicting the procedure whereby, "[n]ormally, imposition of . . . a gag order" is preceded by "a predicate show-cause hearing and a formal court order"). Accordingly, nothing here should be read as restricting a supervising judge's ability to provide for confidentiality, where warranted, in discrete matters on the part of either those otherwise subject to secrecy obligations under the Investigating Grand Jury Act or grand jury witnesses. *See* 42 Pa.C.S. §4549(b) (providing for disclosures of matters occurring before the grand jury by those bound to secrecy, other than as expressly provided in the enactment, "only when so directed by the court"); *id.* §4549(d) (prescribing that grand jury witnesses may be prohibited from disclosing their testimony only upon "cause shown in a hearing before the supervising judge").

### III. Common Interest and Joint Defense Agreements

Both parties also focus considerable attention in their briefs on common interest and joint defense agreements, a subject on which the supervising judge commented as well.

The Dioceses have argued that the non-disclosure requirement, as it appears on the current entry-of-appearance form, inordinately restricts the essential sharing of information among counsel for persons or entities that may become involved with a grand jury investigation, effectively precluding any and all coordination. *See, e.g.*, Brief for Appellants at 7 ("[T]he avowed purpose of the Non-Disclosure Requirement is to gut the common interest and joint defense privileges maintained between counsel and clients."). Appellants explain that common interest and joint defense agreements are properly used by attorneys to facilitate such coordination, as they give rise to an extension of the attorney-client privilege, thus protecting communications among attorneys representing different parties or among multiple parties represented by a single attorney. *See id.* at 32 (citing KEVIN P. ALLEN, THE ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT DOCTRINE IN PENNSYLVANIA 80-82 (PBI Press 5th ed. 2016)). In other words, the common interest and joint defense privileges function as an exception to the general rule that disclosure of information to third parties constitutes a waiver of the attorney-client privilege. *See In re Condemnation by City of Phila.*, 981 A.2d 391, 396 (Pa. Cmwlth. 2009).

The supervising judge, however, took the position that there simply is no need for common interest or joint defense agreements relative to a grand jury investigation, since such an investigation is not a criminal prosecution. *In re Fortieth Statewide Investigating Grand Jury*, No. 571 M.D. 2016, Notice No. 1, at 10-11. In this respect, we distance ourselves from the supervising judge's view. As the Attorney General

concedes, federal courts recognize that the common interest and joint defense privileges extend into the grand jury setting, *see* Brief for Appellee at 24 (citing *In re Qwest Communications Int'l, Inc.*, 450 F.3d 1179, 1195 (10th Cir. 2006)), and we have no reason to conclude those privileges should be denied to those involved with grand jury proceedings in Pennsylvania.[23]

Finally, we observe that our curtailment of the scope of the secrecy obligation assumed by attorneys in the grand jury setting ameliorates -- but does not eliminate -- the concerns that the Dioceses raise about information sharing among counsel. More particularly, relief from the prohibition against counsel's disclosure of "all matters and information concerning this Grand Jury obtained in the course of the representation," *see supra* Part II, opens a wider field of information to disclosure among participants in a common interest arrangement. Nevertheless, we caution that Appellants have cited no authority for the proposition that a common interest or joint defense agreement relieves counsel from grand jury secrecy requirements that do pertain, and nothing in our opinion should be read as affording such relief.[24] Accordingly, and again in the

---

[23] Significantly, while certainly an investigation is not a prosecution, potential criminal exposure can occur long before the filing of charges, and indeed, may arise during the actual course of grand jury proceedings. Accordingly, counsel for those who have involvement with such proceedings should be permitted to access the range of conventional tools that would otherwise be available at law, so long as there is no conflict with overarching policies (such as secrecy where it pertains) discrete to the grand jury context.

[24] As noted above, we do not address Appellants' assertions that the non-disclosure requirement imposed by the entry-of-appearance form at issue here impaired their statutory right to effective counsel and improperly infringed their counsel's First Amendment rights and entitlement to pursue the practice of law. *See supra* note 5. Again, we refrain from doing so, in part because our decision to require material modifications to the form alters central predicates of the present argumentation pertaining to these additional claims.

absence of some developed counter-advocacy, Section 4549(b) does appear to serve as a restraint on the range of information that will be available to counsel to share per a privilege-extending arrangement.[25]

## IV. A Response to Justice Wecht

Justice Wecht takes the opportunity to criticize the Court for relying upon our supervisory powers relative to grand jury practice. *See, e.g.*, Concurring and Dissenting Opinion at 7-9. He proceeds to opine, more specifically, that we have inappropriately employed those powers in a manner that subverts legislative intent. *See id.* at 9-10.

In terms of this Court's supervisory role relative to grand juries, in *Dauphin Cty. Fourth Investigating Grand Jury*, 610 Pa. 296, 318, 19 A.3d 491, 503 (2011), this Court has explained that "[t]he very power of the grand jury, and the secrecy in which it must operate, calls for a *strong judicial hand* in supervising the proceedings" (emphasis added)). Justice Wecht nonetheless seems to imply that this Court should refrain from exercising a meaningful degree of control over grand jury practice.

---

[25] We have no wish to engage in gratuitous commentary here. *See* Concurring and Dissenting Opinion, *slip op.* at 9-10 (Donohue, J.). Rather, responding to the arguments presented, we express our concern that there may be some fundamental misapprehensions about the impact of common interest arrangements in the grand jury setting. Again, Appellants have presented no authority for the proposition that such private arrangements can be employed to surmount grand jury secrecy, absent approval of a supervising judge. Accordingly, while Justice Donohue is correct to point out that our above discussion would not be dispositive in a future case, we intend it to serve a cautionary role in a sensitive area of the law in which attorneys may run the risk of contempt sanctions.

We emphasize that the concern is not with the sharing of information protected by grand jury secrecy among common interests *upon approval by a supervising judge*. The tenor of Appellants' argument, however, is to suggest that common interest arrangements obviate the need for any such approval.

However, this Court is entrusted with the supervision of the entire judicial system. *See* PA. CONST. art. V, §10(c). Additionally, we have explained that the entanglements, established by the Investigating Grand Jury Act, between grand jury practice and the judiciary will likely yield the impression, among the citizenry, that grand juries speak with judicial sanction. *See In re 40th Statewide Investigating Grand Jury*, ___ Pa. ___, ___ & n.14, ___ A.3d ___, ___ & n.14, 2018 WL 3650493, *6-13 & n.14 (July 27, 2018) (*inter alia*, expressing the concern that "the grand jury's pronouncements will be seen as carrying the weight of governmental and *judicial* authority . . . is substantial" (emphasis added)).

Particularly based on the present experience with Report 1 of the 40th Statewide Investigating Grand Jury, *see id.*, we believe -- and we have learned -- that courts should assume a stronger role in *supervising* the grand jury process, precisely because the Legislature has reposited that system within judicial control. *See id.*; *see also* 42 Pa.C.S. §4542 (incorporating the concept of a "*supervising* judge" into investigating grand jury practice (emphasis added)).

In terms of Justice Wecht's assertion that we have invoked our supervisory powers to subvert legislative intent, *see, e.g.*, Concurring and Dissenting Opinion, *slip op.* at 4, 7-10, we invite a fair reading of our opinion, above. We have, in fact, interpreted the Investigating Grand Jury Act to permit attorneys to represent their clients. And, in this regard, although Justice Wecht stresses secrecy in the grand jury process, *see id.* at 5-6, he fails to explain why it is somehow an unacceptable intrusion into secrecy for lawyers to be allowed, in a representational capacity, to disclose to others what their clients were absolutely free to disclose otherwise. Along these lines, we simply do not believe that the General Assembly intended an unreasonable result, *i.e.*, for an attorney to be precluded from disclosing, at the direction of his or her client-

witness, that which the General Assembly has expressly authorized the client-witness to reveal.[26]

### V. Summary, Conclusion, and Order

In summary, an attorney who will be privy to matters occurring before an investigating grand jury shall be sworn to secrecy per the requirements of the Investigating Grand Jury Act, either via an appropriately tailored entry-of-appearance form or otherwise. The obligation of confidentially generally extends to all matters occurring before the grand jury, which includes, but is not limited to, what transpires in a grand jury room. A lawyer otherwise subject to secrecy, however, may disclose a client's own testimony to the extent that the client would otherwise be free to do so under applicable law. Such disclosure is also subject to the client's express, knowing, voluntary, and informed consent; the Rules of Professional Conduct; and specific curtailment by a supervising judge in discrete matters following a hearing based on cause shown.

The order of the supervising judge is vacated. To the extent that the entry-of-appearance form continues in use as a vehicle to administer a secrecy oath to attorneys in grand jury matters, the document is to be modified according to the requirements of this opinion.

This appeal is concluded.

---

[26] Parenthetically, we take no issue with Justice Wecht's explanation of the derivation of the entry-of-appearance form from circumstances connected with a grand jury investigation involving administrators of the Pennsylvania State University. *See* Concurring and Dissenting Opinion, at 1-3. Of course, such derivation has little to do with the substantive correctness of the form. Accordingly -- and given that former Justice Cynthia Baldwin is engaged in attorney disciplinary proceedings relative to her conduct in the above setting -- we frankly saw no need to inject her involvement into the present discussion.

Justices Baer, Todd, Dougherty and Mundy join the opinion.

Justice Baer files a concurring opinion in which Chief Justice Saylor and Justices Todd, Dougherty and Mundy join.

Justice Donohue files a concurring and dissenting opinion.

Justice Wecht files a concurring and dissenting opinion.