**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | | |
|---|---|---|
| DARYL A. YOUNT, | : | No. 2842 DD3 |
| | : | |
| Petitioner | : | Appeal from the Determination of |
| | : | Subpoena of the Hearing Committee |
| v. | : | of the Pennsylvania Lawyers Fund |
| | : | for Client Security Board of Trustees |
| | : | at No. CSF-2338-01-20 dated |
| PENNSYLVANIA LAWYERS FUND FOR | : | November 23, 2021 |
| CLIENT SECURITY, | : | |
| | : | ARGUED:  November 29, 2022 |
| Respondent | : | |

**OPINION**

**JUSTICE WECHT**                                        **DECIDED: MARCH 21, 2023**

Although this matter arises under our disciplinary docket, it concerns not attorney discipline, but rather a point of procedure.  The underlying proceedings took place before the Pennsylvania Lawyers Fund for Client Security,[1] an entity created by this Court to reimburse clients for financial losses caused by their attorneys.  Daryl A. Yount, Esquire, an attorney involved in these proceedings, sought access to an audio recording of a hearing conducted on October 19, 2021, before a Hearing Committee appointed by the Fund's Board of Trustees.[2]  Attorney Yount attempted to obtain this recording via the subpoena process provided by Pa.R.D.E. 521(c), an effort that the Hearing Committee rejected.  Although we affirm the Hearing Committee's determination that Attorney

---

[1]     Hereinafter, the "Fund."  The Fund is governed by the Pennsylvania Rules of Disciplinary Enforcement.  *See* Pa.R.D.E. 501-32.

[2]     Hereinafter, the "Board."

Yount's subpoena was invalid, we do so without prejudice to his ability to seek the requested item through other means.

By way of background, the Fund consists of "contributions of the members of the Bar to aid in ameliorating the losses caused to clients and others by defalcating members of the Bar acting as attorney or fiduciary."[3]  The Fund's Board investigates applications by injured clients (known as "Claimants") concerning the conduct of their attorneys (known as "Covered Attorneys"), and determines whether to authorize disbursements from the Fund in order to compensate those clients for their losses.[4]  All such payments from the Fund are "a matter of grace and not of right," and the Rules permit "no appeal from a decision of the Board" with respect to disbursements.[5]  The Board is further empowered to appoint hearing committees to investigate claims, as it did here.[6]

"All claims filed with the Fund shall be confidential and shall not be disclosed.  This confidentiality requirement extends to all documents and things made and/or obtained, and all investigations and proceedings conducted and/or held by the Fund in connection with the filing of a claim."[7]  Notably, Rule 504(d) exempts certain entities from the confidentiality requirement, allowing the Fund to disclose confidential information to them.  These entities include the Office of Disciplinary Counsel ("ODC") and the Disciplinary Board.[8]  Covered Attorneys are not included within subsection (d), and thus are not entitled to obtain confidential information, notwithstanding the fact that the Fund

---

[3]     Pa.R.D.E. 502(a).

[4]     Pa.R.D.E. 503(d)(2)-(3).

[5]     Pa.R.D.E. 502(a).

[6]     Pa.R.D.E. 503(d)(1).

[7]     Pa.R.D.E. 504(a).

[8]     Pa.R.D.E. 504(d)(5).

proceedings involve their conduct. Rule 504(e) goes on to provide, however, that "[r]equests for the release of confidential information by any person or entity, other than those identified in subsection (d), must be made to the Fund through the issuance of a subpoena; requests for same made under the Freedom of Information Act will not be honored."[9]

The facts giving rise to this matter are not relevant to the issue before us and, in any event, are confidential. It suffices to say that Attorney Yount found himself the subject of a claim to the Fund, and that he believes that he may be the subject of further disciplinary action in the future. The proceedings before the Fund culminated in a hearing before a Hearing Committee on October 19, 2021. At the beginning of the hearing, the Hearing Committee Chair informed those present that there would be no formal transcript of the testimony, but that the hearing was being recorded for "internal purposes," specifically the later preparation of a summary of the hearing for the use of the Hearing Committee and the Board.[10] Attorney Yount did not object to this at the time. After the hearing, however, he sent an email requesting access to the recording. When his informal efforts proved unsuccessful, Attorney Yount sought to compel the Fund to provide him with the recording through a subpoena issued under Rule 521(c).

Rule 521(c) provides, in relevant part:

> (2) At any stage of an investigation and/or proceeding under this subchapter, the Board shall have the right to summon witnesses and/or

---

[9]     Pa.R.D.E. 504(e).

[10]     As the Fund emphasizes, the rules and regulations adopted by the Board provide that, with regard to hearings, "[t]here shall be no stenographic record of the proceedings, unless the Board determines, in its sole discretion, there is a need for a stenographic record." Board Rules and Regulations 3.4(d). The Board is authorized to adopt such procedural rules pursuant to Pa.R.D.E. 503(d)(5) (granting the Board the power to "adopt rules of procedure not inconsistent with these rules").

require production of records by issuance of subpoenas. Should the Board determine to conduct a hearing, the Claimant and/or the Covered Attorney may request the issuance of a subpoena to summon a witness to testify at such hearing. The costs associated with the issuance and service of the subpoena and the witness' appearance shall be borne by the requesting party.[11]

Rule 521(c)(5) further provides that challenges to the validity of a subpoena issued under that Rule are to be heard by a hearing committee or by the full Board, and that those entities' determinations are appealable to this Court.[12]

On November 24, 2021, the Hearing Committee determined that Attorney Yount's subpoena was invalid, adopting the recommendation of the Fund's counsel. The Hearing Committee's determination was based primarily upon the fact that, although Rule 521(c) allows a Covered Attorney to subpoena a witness to testify at a hearing, it does not authorize the attorney to subpoena documents, communications, or recordings created during the investigation of a claim. The Hearing Committee stressed that Attorney Yount was informed at the beginning of the hearing that there would be no transcript and that the audio recording was being prepared for internal purposes only, and that he did not object at the time. The Hearing Committee further determined that, under Rule 504, the audio recording was confidential because it was made in connection with a claim to the Fund, and it recorded confidential proceedings conducted in furtherance of that claim. Although Rule 504(e) refers to the use of a subpoena to obtain confidential information, the Hearing Committee concluded that this subsection of the Rule was not intended to

---

[11]    Pa.R.D.E. 521(c)(2).

[12]    Pa.R.D.E. 521(c)(5) ("Any challenge to the validity of a subpoena issued under this rule shall be heard by a hearing committee or the full Board. A determination by such committee or the Board may be appealed to the Supreme Court under subparagraph (8)(iii) within ten days after service of the determination on the party bringing the appeal.").

allow a Covered Attorney to circumvent the confidentiality requirement, and that such a reading would compromise the ability of the Fund and the Board to perform its duties.

Attorney Yount appealed the Hearing Committee's determination pursuant to Rule 521(c)(5) by filing a petition for review in this Court. Following the procedure outlined in Rule 521(c)(8)(iii),[13] we issued a rule to show cause upon the Fund[14] as to why the subpoena determination should not be reversed. The Fund responded, largely reiterating the reasons provided by the Hearing Committee. The Fund further suggested that the audio recording may be protected by attorney-client privilege and/or the attorney work product doctrine.[15] After receiving the Fund's response, this Court requested further briefing from the parties and listed the matter for oral argument, which we heard on November 29, 2022.

Attorney Yount presents three questions for our review:

1. Does Pa.R.D.E. 504(e) allow Yount to issue a subpoena against [the Fund] to obtain the October 19, 2021, audio recording?

2. Has Yount properly served a subpoena upon [the Fund] to obtain the recording pursuant to Pa.R.D.E. 521(c)?

3. Does [Yount] have a due process right under Pennsylvania law to obtain a copy of the recording in his defense against the ongoing [ODC] investigation?[16]

---

[13] Pa.R.D.E. 521(c)(8)(iii) ("A petition for review of a determination made under subparagraph (5) must set forth in detail the grounds for challenging the determination. Upon timely receipt of a petition for review, the Court shall issue a rule to show cause upon the party to the proceeding who is not challenging the determination, returnable within ten days, why the determination should not be reversed.").

[14] Because the Fund is the named respondent, we refer to it, rather than the Board or the Hearing Committee, as the relevant party to this appeal.

[15] The Fund did not advance these privilege theories in its subsequent briefing. Because we affirm the Hearing Committee's subpoena determination on other grounds, we need not address any claim of privilege, and we offer no comment thereon.

[16] Attorney Yount's Br. (unpaginated) (capitalization modified).

Attorney Yount principally contends that his subpoena was valid and enforceable under Pa.R.D.E. 504(e). He concedes that the audio recording at issue is confidential under Rule 504(a). However, because Rule 504(e) provides that requests to the Fund for confidential information must be made through a subpoena, and because he obtained a subpoena, Attorney Yount argues that he is entitled to the recording that he sought. Attorney Yount further argues that he followed the correct procedure to obtain the subpoena and to appeal the Hearing Committee's subpoena determination to this Court. And finally, Attorney Yount asserts that he has a due process right to use the audio recording in any future disciplinary proceeding.

The Fund, in response, asserts that Attorney Yount's appeal is moot because the proceedings before the Fund have ended, and thus there remains no controversy to resolve.[17] If we decline to dismiss the appeal as moot, then the Fund argues that we should affirm the Hearing Committee's determination because the language of Rule 521(c) makes clear that Attorney Yount only was entitled to subpoena witnesses for the hearing, not to use a subpoena to obtain documents produced during the proceedings. The fact that Attorney Yount wishes to use the audio recording in any future disciplinary proceeding is of no moment, the Fund argues, and does not impact the validity, or lack thereof, of a subpoena issued under Rule 521(c). In any event, the Fund highlights, Attorney Yount is not without recourse in any future disciplinary proceeding, because the Rules of Disciplinary Enforcement provide another source of subpoena authority that, unlike Rule 521(c), applies to such proceedings.

---

[17] In addition to advancing this argument in its brief, the Fund requested dismissal of this appeal on mootness grounds in a separate filing entitled "Application for Relief of Respondent the Pennsylvania Lawyers Fund for Client Security for Suggestion of Mootness." In light of our disposition of the appeal, we dismiss this application as moot.

Resolution of this matter turns upon our interpretation of the Pennsylvania Rules of Disciplinary Enforcement. Our review is plenary, and "to the extent we must engage in . . . analysis of our own procedural rules, we apply conventional interpretative principles."[18] These interpretive principles include familiar tools of statutory construction.

As a threshold matter, we reject the Fund's suggestion of mootness. Notwithstanding that the proceedings before the Fund have concluded, the parties' dispute over the audio recording remains extant. "An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy."[19] Were we to reverse the determination of the Hearing Committee and conclude that Attorney Yount's subpoena was valid, there would be a practical effect—enforcement of the subpoena. Accordingly, regardless of whether there is any business remaining before the Fund vis-à-vis the claim that brought Attorney Yount before it, there remains a live controversy that necessitates our resolution.

We agree with the Fund, however, on the merits of the dispute. Notwithstanding Attorney Yount's references to Rule 504(e), it is undisputed that he sought the subpoena at issue under Rule 521(c). The relevant portion of that Rule bears repeating:

> At any stage of an investigation and/or proceeding under this subchapter, *the Board shall have the right to summon witnesses and/or require production of records by issuance of subpoenas.* Should the Board determine to conduct a hearing, the Claimant and/or *the Covered Attorney may request the issuance of a subpoena to summon a witness to testify at such hearing.*[20]

---

[18]     *In re Return of Seized Prop. of Lackawanna Cnty.*, 212 A.3d 1, 6-7 (Pa. 2019) (citing *In re Fortieth Statewide Investigating Grand Jury*, 191 A.3d 750, 756 (Pa. 2018)).

[19]     *Commonwealth v. Holt*, 273 A.3d 514, 549 (Pa. 2022) (quoting *Printed Image of York, Inc. v. Mifflin Press, Ltd.*, 133 A.3d 55, 59 (Pa. Super. 2016)).

[20]     Pa.R.D.E. 521(c)(2) (emphasis added).

As the text makes plain, both the Board and the Covered Attorney (Attorney Yount) are permitted to obtain subpoenas in connection with proceedings before the Fund. But the scope of that subpoena authority differs. The Board has the right to "summon witnesses and/or require production of records." The Covered Attorney, by contrast, may only request a subpoena "to summon a witness to testify" at a hearing. By *expressio unius est exclusio alterius*,[21] the fact that the Rule spells out one particular purpose for which the Covered Attorney may request a subpoena necessarily implies that the other purpose is excluded. This distinction is particularly clear given the close proximity of the language providing the Board, but *not* the Covered Attorney, with the authority to require "production of records."

Attorney Yount's subpoena was only valid for the purpose of summoning witnesses to testify at a hearing. He attempted to use it to require the production of an audio recording. For this reason alone, the Hearing Committee did not err in determining that Attorney Yount's subpoena was invalid.

None of Attorney Yount's arguments to the contrary are meritorious. Although Attorney Yount presently relies upon Rule 504(e), the fact remains that he obtained the subpoena under Rule 521(c). Rule 521(c) is the only authority listed on the subpoena and, as Attorney Yount goes to the trouble of arguing in his brief, he followed the review procedures specified in Rule 521(c). In any event, Rule 504(e) is not an independent source of subpoena power. It does not authorize anyone to obtain a subpoena. Rather, Rule 504(e) merely provides that the Fund will not release confidential information to any

---

[21] "Under the doctrine of *expressio unius est exclusio alterius*, 'the inclusion of a specific matter in a statute implies the exclusion of other matters.'" *Thompson v. Thompson*, 223 A.3d 1272, 1277 (Pa. 2020) (citing *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1223 (Pa. 2002)).

person or entity not listed in Rule 504(d) absent a subpoena.[22]  Rule 504(e) in no way remedies the facial defect in Attorney Yount's subpoena issued under Rule 521(c).

As for Attorney Yount's invocation of due process, we discern no such violation. Attorney Yount offers only rote citation of the proposition that procedural due process requires "adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case."[23]  Although Attorney Yount explains how he wishes to use the audio recording in a future anticipated disciplinary proceeding, he makes no effort to establish that he has been deprived of notice and an opportunity to be heard in the present case.  Indeed, one of the issues that Attorney Yount presented in this appeal consists solely of an averment that he followed the correct procedures to obtain review of the subpoena and the Hearing Committee's subpoena determination.[24]  There is no credible assertion that Attorney Yount has been denied the process to which he was due at any stage of this matter.

We cannot speak to any disciplinary proceedings at this juncture, as they lie outside the scope of this appeal.  We do note, however, that although Rule 521(c) does not permit Attorney Yount to obtain a subpoena requiring the production of records in

---

[22]    *See* Pa.R.D.E. 504(e) ("Requests for the release of confidential information by any person or entity, other than those identified in subsection (d), must be made to the Fund through the issuance of a subpoena; requests for same made under the Freedom of Information Act will not be honored.").

[23]    Attorney Yount's Br. (unpaginated) (quoting *Krupinski v. Vocational Tech. Sch., E. Northampton Cnty.*, 674 A.2d 683, 685 (Pa. 1996); *Lyness v. Commonwealth State Bd. of Med.*, 605 A.2d 1204, 1207 (Pa. 1992); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999)).

[24]    To the extent that this issue requires discussion, we do not differ with Attorney Yount's assertion that he followed the procedures outlined in Pa.R.D.E. 521(c) and has obtained the appropriate review.  This is, however, irrelevant to the question of whether he is entitled to relief.

connection with a proceeding before the Fund, there is another Rule that more directly applies to the disciplinary proceedings that are the subject of Attorney Yount's concern. Rule 213(a)(1) provides that, "[a]t any stage of an investigation, both Disciplinary Counsel and a respondent-attorney shall have the right to summon witnesses before a hearing committee or special master *and require production of records* before the same by issuance of subpoenas."[25] We further note that counsel for the Fund represented to this Court at oral argument that the Fund has preserved the audio recording during the course of this litigation, and we trust that the parties can reach an arrangement whereby the recording will continue to be preserved until such a time that Attorney Yount either attempts to obtain it or determines that he no longer desires it. Accordingly, although we affirm the subpoena determination below, we do so on the narrow grounds that Attorney Yount's subpoena was invalid under Rule 521(c), and we do so without prejudice to Attorney Yount's ability to seek access to the audio recording under Rule 213 or by any other mechanism available to him under the law.

The Hearing Committee's determination is affirmed.

Chief Justice Todd and Justices Donohue, Dougherty, Mundy and Brobson join the opinion.

---

[25]     Pa.R.D.E. 213(a)(1) (emphasis added).